Tammy Hussin (SBN: 155290)
HUSSIN LAW
1596 N. Coast Highway 101
Encinitas, CA 92024
Tel: (877) 677-5397
Fax: (877) 667-1547
Tammy@HussinLaw.com

Attorney for Plaintiffs, Bryce Williams and Inna Badran f/k/a Inna Spivak

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| Bryce Williams and Inna Badran f/k/a Inna Spivak;<br><br>Plaintiffs,<br><br>v.<br><br>Cavalry Portfolio Services, LLC and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227,** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

1

For this Complaint, the Plaintiffs, by and through their undersigned counsel, based on information garnered from Plaintiffs and investigations by their counsel, hereby state as follows:

1. This action arises out of repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et. seq*. ("TCPA"), and this court has original jurisdiction of this civil action as one arising under the laws of the United States. 28 U.S.C. §1331; *see*, *Mims v. Arrow Fin. Serv.*, LLC, 565 U.S. 132 S. Ct. 740, 181 L. Ed.2d 881 (2012).

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. §1367, and §1332 in that the parties sit in complete diversity and the amount in controversy exceeds $75,000.00.

3. Plaintiffs satisfy Article III standing requirements, as they each suffered concrete injury in the form of repeated invasions of privacy from defendant's violations of the TCPA. *Van Patten v. Vertical Fitness Group*, D.C. No.3:12-cv-01614 (9th Cir., 2017).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## THE PARTIES

5. Plaintiff, Inna Badran f/k/a Inna Spivak ("Badran"), is a resident of Encino, California, and is a "person," as defined by 47 U.S.C. §153(39).

6. Plaintiff, Bryce Williams ("Williams"), is a resident of Albert Lea, Minnesota, and is a "person," as defined by 47 U.S.C. §153(39).

7. Defendant, Cavalry Portfolio Services, LLC (hereafter, "Cavalry"), is a Delaware business entity with its headquarters located in Valhalla, New York.

8. Cavalry regularly and systematically initiates phone calls to collect consumer debts within this Judicial District and throughout the state of California.

9. Does 1-10 (the "Collectors") are individual collectors employed by Cavalry and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

10. Cavalry at all times acted by through one or more of the collectors.

## THE FACTS

11. Cavalry is no stranger to the TCPA. It has been called to defend itself against a veritable plethora of TCPA claims, including a number of class actions. Recently, Cavalry agreed to settle two TCPA class actions, *Horton v. Cavalry Portfolio Services, LLC.,13cv0307* and *Krejci v. Cavalry Portfolio Services, LLC, 16cv00211* (S.D. CA). These actions were combined together in a global settlement ("Cavalry Class").

12. Plaintiffs were identified as members of the Cavalry Class, and they timely opted out of the settlement in order to pursue their individual claims herein.

13. Like the other members, Plaintiffs received automated calls from Cavalry during the class period of February 8, 2009 and January 26, 2016, as defined in the Cavalry Class settlement.

14. Specifically, Badran discovered was a victim of identity theft. In 2011 and 2012, a fraudster opened dozens of accounts in Badran's name without her knowledge or authorization, including an HSBC account. In or around July of 2012, HSBC sold the fraudulent debt to Cavalry, and Cavalry began calling Badran on cellular phone ending in 8193. Badran never provided her cellular number to HSBC or to Cavalry.

15. Plaintiff Williams also received calls from Cavalry during the class period on his cellular phone ending in 8840. Williams did not provide his cellular number to a creditor or to Cavalry.

16. Upon information and belief, Cavalry obtained Plaintiffs' cellular numbers by conducting a skip-trace search, and knew it had no consent to autodial Plaintiffs.

17. Plaintiffs told Cavalry to stop calling, yet Cavalry continued to autodial Plaintiffs at an annoying and harassing rate. Despite being told to stop calling, Cavalry typically called Plaintiffs on a daily basis and multiple times a day. The calls began early in the mornings and persisted well into the evening hours.

18. Cavalry's calls to Plaintiffs were particularly bothersome because they were automated. When Plaintiffs answered the calls, Cavalry sometimes used an automated voice, and provided Plaintiffs with no opportunity to speak to a live representative. Other times Plaintiffs answered calls from Cavalry, and heard only silence and Cavalry's telephone system never transferred them to a live representative. Other times still, Plaintiffs answered and Cavalry's telephone system terminated the call. When Plaintiffs did not answer, Cavalry sometimes clogged Plaintiffs' voicemail with blank and/or automated messages.

19. The calls from Cavalry intruded on Plaintiffs' right to be free from unwarranted invasions. By ignoring Plaintiffs' demands to stop calling, Cavalry caused Plaintiffs, and each of them, frustration, aggravation, and distress. The calls from Cavalry interfered with Plaintiffs' ability to use their cellular telephones in the manner in which they were intended, interrupted important calls, wasted their time, interfered with work days, disrupted them while driving, and disturbed quiet evenings and family time.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. §227, *ET. SEQ.*

20. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Cavalry knowingly and/or willfully called Plaintiffs without their consent and over their objections.

22. Without prior consent, Cavalry placed calls to Plaintiffs using an automated telephone dialing system and/or an automated or prerecorded voice on their cellular telephones in violation of 47 U.S.C. §227(b)(1)(A)(iii).

23. Insofar as Cavalry knew it had no consent to call Plaintiffs on their cellular telephones, the calls were made in knowing and/or willful violation of the TCPA. As such, Cavalry should be subject to treble damages for each call pursuant to 47 U.S.C. §227(b)(3)(C).

24. When Cavalry called Plaintiffs, its telephone dialing system had the capacity to store randomly or sequentially generated telephone numbers, and randomly or sequentially dialed telephone numbers.

25. Cavalry's telephone system used an automated voice when it placed calls to Plaintiffs.

26. Cavalry's telephone systems initiated calls to Plaintiffs without human intervention.

27. The calls from JPMC to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. §227(b)(1)(A)(i).

28. Plaintiffs are entitled to damages as a result of Cavalry's TCPA violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

1. As a result of each call made in negligent violation of the TCPA, Plaintiffs, and each of them, are entitled to an award of $500.00 in statutory damages per call, pursuant to 47 U.S.C. §227(b)(3)(B);

2. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiffs, and each of them, are entitled to an award of treble damages in an amount up to $1,500.00 per call, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

3. Such other and further relief as may be just and proper.

DATED: June 17, 2020                                  TAMMY HUSSIN

                                                      By: /s/ Tammy Hussin
                                                      Tammy Hussin, Esq.
                                                      Hussin Law
                                                      Attorney for Plaintiffs